ALD-032                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2348
_____

LEON GREEN-BEY,
                    Appellant

v.

ATLANTIC COUNTY; ATLANTIC COUNTY PROSECUTORS OFFICE;
ATLANTIC COUNTY SUPERIOR COURT OF NEW JERSEY CRIMINAL COURT
COMPLEX; ATLANTIC COUNTY SUPERIOR COURT OF NEW JERSEY CIVIL
DIVISION; QUAL-LYNX; ATLANTIC COUNTY SHERIFF'S OFFICE;
JOHN DOES 1-10, SAID NAMES BEING UNKNOWN AND FICTITIOUS WHO
CONSPIRED TO INJURE AND DEPRIVE ME OF RIGHTS SECURED BY THE
U.S. CONSTITUTION; TODD MILLER; STANLEY L. BERGMAN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-21-cv-20143)
District Judge:  Honorable Karen M. Williams
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 17, 2022
Before:  HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: December 9, 2022)

---

OPINION[*]

---

PER CURIAM

Appellant Leon Green-Bey, a pre-trial detainee proceeding pro se and in forma pauperis, appeals from the District Court's sua sponte dismissal with prejudice of his amended complaint. We will summarily affirm.

In the operative complaint, Green-Bey, proceeding in forma pauperis, sued the Honorable Todd Miller, the New Jersey state judge presiding over his pending criminal charges, pursuant to 42 U.S.C. § 1983. Green-Bey, who is currently detained at the Mercer County Correction Center, alleged that Judge Miller denied his right to Due Process by subjecting him to pre-trial detention in New Jersey and that, because he did not consent to prosecution under criminal law, he is not subject to it. Dkt. No. 20 at 2-5. Green-Bey sought declaratory and injunctive relief, including the transfer of his federal case from Camden to Newark, review by a panel of three judges, and an injunction against Judge Miller. Dkt. No. 20 at 1-3, 5.

On July 7, 2022, the District Court screened his amended complaint pursuant to 28 U.S.C. § 1915(e)(2). The District Court dismissed the complaint with prejudice, finding that Judge Miller is immune to the suit. Dkt. No. 21 at 3. The District Court also

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

concluded that, even if Judge Miller were not immune, Green-Bey's request for relief was barred by Younger v. Harris, 401 U.S. 37 (1971). Dkt. No. 21 at 4. Green-Bey filed this timely appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of the complaint. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, we will affirm because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4.

The District Court properly dismissed Green-Bey's amended complaint because Green-Bey is not entitled to the relief he seeks. Green-Bey requested the District Court to terminate the state criminal proceedings against him and transfer them to what he considers to be a proper court, which the District Court correctly determined it must abstain from doing. See Younger, 401 U.S. at 45 (explaining that federal courts have power to enjoin state officers from instituting criminal actions only "where the danger of irreparable loss is both great and immediate"). The extraordinary circumstances that would allow such interference do not exist here, so Green-Bey's relief is squarely barred by Younger.

Accordingly, we will affirm the judgment of the District Court.